IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARCUS TODD DRAKE,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT FALLS REGIONAL PRISON, CMDR. DAN O'FALLON, UNIT MNGR. MR. HARRIS, D.O. LENAHAN, D.O.C. MONITOR MR. HATTON,<br><br>Defendants. | CV 17-00126-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Marcus Drake's Complaint (Doc. 2) and motion for appointment of counsel (Doc. 14.) The Complaint fails to state a claim upon which relief may be granted and therefore this matter should be dismissed. As such, the motion for appointment of counsel will be denied.

## I. STATEMENT OF THE CASE

### A. Parties

Plaintiff Marcus Drake is a prisoner proceeding without counsel. He is currently incarcerated in Kansas but his claims arose during his incarceration in the Great Falls Regional Prison.

The named Defendants are the Great Falls Regional Prison, Unit Manager

1

Harris, Commander Dan O'Fallon, Detention Officer Lenahan, and DOC Monitor Hatton. (Complaint, Doc. 2 at 2-3.)

### B. Statement of Claims

Mr. Drake alleges that on September 21, 2017 he was handcuffed to a bench in the booking area of the Great Falls Regional Prison waiting for his parole hearing. When he was called for the hearing, Unit Manager Harris and Officer Lenahan approached him to remove the handcuffs. He alleges that under the pretext of trying to remove faulty handcuffs, Officer Lenahan brushed his hand and forearm across Mr. Drake's genitals. When Mr. Drake tried to shift away, Officer Lenaham grabbed his private area and grinned at him in a menacing way. He alleges Mr. Harris and DOC Monitor Hatton witnessed the incident. (Complaint, Doc. 2 at 3.)

In the injury section of the Complaint, Mr. Drake alleges he now suffers excessive and constant fear, undue stress, fear of authority, extreme anguish, and is socially withdrawn. (Complaint, Doc. 2 at 4.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Mr. Drake is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine

3

whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

4

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

    **B. Analysis**

Because Mr. Drake contends he was waiting for his parole hearing, the Court will presume for purposes of this Order that he was a convicted prisoner and will therefore analyze his claims under the Eighth Amendment to the United States Constitution. "The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Whether a specific act constitutes cruel and unusual punishment is measured by 'the evolving standards of decency that mark the progress of a maturing society.' " *Wood v. Beauclair*, 692 F.3d 1041, 1045–46 (9th Cir. 2012) (*quoting Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). In evaluating a prisoner's claim, courts must consider whether "the officials act[ed] with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (citation and internal quotation marks omitted); *accord Wood*, 692 F.3d at 1046.

"Sexual harassment or abuse of an inmate by a corrections officer is a

5

violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046 (citations omitted); *Schwenk v. Hartford*, 204 F.3d 1187, 1196-97 (9th Cir. 1987). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (*quoting Hudson*, 503 U.S. at 9). Sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (affirming summary judgment for defendant on plaintiff's Eighth Amendment claim that prison employee's brief touch ("mere seconds") to plaintiff's buttocks during "horseplay," unaccompanied by sexual comments, was an improper sexual advance that "embarrassed" plaintiff); *Osterloth v. Hopwood*, 2006 WL 3337505, *6, *7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah pretty much.");

In *Watison v. Carter*, 668 F.3d 1108 (9th Cir. 2012), the Ninth Circuit found no sexual harassment in violation of the Eighth Amendment where a plaintiff

6

alleged a correctional officer entered the plaintiff's cell while the plaintiff was on the toilet, began to search the cell, ignored the plaintiff's request that he leave, rubbed his thigh against the plaintiff's thigh while sexually smiling, and left the cell laughing. *Watison*, 668 F.3d at 1112. *Watison* reasoned the officer's "alleged wrongdoing was [not] objectively 'harmful enough' to establish a constitutional violation." *Id.* at 1114 (internal quotation marks omitted); *see Palmer v. O'Connor*, 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.' ").

     Mr. Drake alleges Officer Lenahan brushed his hand and forearm across Mr. Drake's genitals and when Mr. Drake tried to shift away, Officer Lenaham grabbed his private area and grinned at him in a menacing way. He contends this incident caused fear, stress, and anguish. The Court does not find that the conduct of which Mr. Drake complains was objectively sufficiently serious to violate the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Eighth Amendment protects inmates against the "unnecessary and wanton infliction of pain." *Jordan*

7

*v. Gardner*, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Momentary discomfort" does not constitute infliction of pain. *Id.* at 1526.

Mr. Drake's allegations do not rise to an Eighth Amendment violation. His allegations suggest that the allegedly inappropriate touching occurred during an authorized search, it was brief, it did not cause pain or injury, and it was not accompanied by sexual comments. While the alleged conduct may have been unprofessional, it does not state a potentially colorable Eighth Amendment claim. Accordingly, the Complaint should be dismissed. This is not a defect which could be cured by amendment.

In light of the recommendation to dismiss the Complaint, Mr. Drake's motion for the appointment of counsel will be denied.

Based upon the foregoing, the Court issues the following:

### ORDER

The Motion for Appointment of Counsel (Doc. 14) is DENIED.

Further the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter

judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Drake failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Drake may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Drake is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of June, 2018.

                                 */s/ John Johnston*
                                 John T. Johnston
                                 United States Magistrate Judge